Filed 1/29/16  P. v. Stewart CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B262412 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SA023165 |
| v. | |
| LAMONT STEWART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Noah P. Hill and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Lamont Stewart appeals from a trial court order denying relief under Proposition 47, the Safe Neighborhoods and Schools Act. We conclude he was not convicted of a qualifying offense and affirm. To the extent that defendant's petition could be deemed a request for resentencing under Proposition 36, he is ineligible for relief. (Pen. Code, § 1170.126.)

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 1995, defendant facilitated a drug deal between an undercover officer and his co-defendant, Nora McDonald.[1] The officer paid McDonald $10 for 0.09 grams of cocaine. On May 1, 1996, after a jury trial, defendant was convicted of one count of aiding and abetting the sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)). The trial court sentenced him to a third-strike term of 28 years to life. The sole issue raised on appeal was whether the sentence violated the Eighth Amendment's prohibition of cruel and unusual punishment. By unpublished opinion dated December 12, 1997, we affirmed. (*People v. Stewart* (Dec. 12, 1997, B105284) [nonpub. opn.], pp. 3–4.)

On November 25, 2014, defendant filed a petition in pro per under Penal Code section 1170.18, subdivision (a), requesting recall and resentencing under Proposition 47. On January 14, 2015, the superior court summarily denied the petition because Health and Safety Code section 11352 is not a reducible offense under the statute. Defendant filed a timely notice of appeal and we appointed counsel to represent him.

On July 15, 2015, defendant's appellate counsel filed a brief in which he raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) On August 5, 2015, defendant filed a supplemental brief in which he appears to argue that his conviction is not appropriate for third strike sentencing. In light

---

[1] The facts in this paragraph are taken from our opinion in defendant's appeal from his original conviction, *People v. Stewart* (Dec. 12, 1997, B105284) [nonpub. opn.], pp. 2–3.

of defendant's supplemental brief, we ordered the parties to address whether we should deem defendant's filing a request for resentencing under Proposition 36 (Pen. Code, § 1170.126). The People filed a responsive letter brief; appointed appellate counsel declined to do so. We conclude defendant's conviction for violating Health and Safety Code section 11352 is not a reducible offense under Proposition 47. We also conclude defendant's prior attempted-murder conviction renders him ineligible for relief under Proposition 36. (Pen. Code, § 667, subd. (e)(2)(C)(iv).)

## DISCUSSION

We have examined the entire record, as well as our opinion in defendant's 1997 appeal. (*People v. Stewart* (Dec. 12, 1997, B105284) [nonpub. opn.].) We are satisfied defendant's current attorney has fully complied with his responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

In our review of the record, we noted that defendant was sentenced in May 1996. While his appeal was pending, but one year before appointed counsel filed his opening brief, the California Supreme Court issued its opinion in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), which held that in sentencing defendants charged under the Three Strikes law, "a court may exercise the power to dismiss granted in section 1385, either on the court's own motion or on that of the prosecuting attorney . . . . " (*Id*. at p. 504.) The Court also held its opinion was retroactive. It stated: "A defendant serving a sentence under the Three Strikes law . . . imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. [Citation.]" (*Id*. at p. 530, fn. 13.) By the time appellate counsel in this case filed defendant's opening brief a year later, numerous appellate courts had applied *Romero* to pending appeals and remanded cases for sentence reconsideration in light of that decision. (See., e.g., *People v. Sotomayor* (1996) 47 Cal.App.4th 382,

3

392.) Yet appellate counsel did not ask this court for that remedy. Instead, counsel raised only one issue: that the sentence violated the Eighth Amendment.

While we affirm the superior court's denial of Proposition 47 relief and conclude defendant is ineligible for relief under Proposition 36, nothing in this opinion forecloses defendant from filing an application in this court to recall the remittitur in his initial appeal based on ineffective assistance of appellate counsel. (See *Evitts v. Lucey* (1985) 469 U.S. 387 [constitutional right to effective assistance of counsel in first appeal]; *People v. Osband* (1996) 13 Cal.4th 622, 664 [under *Strickland v. Washington* (1984) 466 U.S. 668-669, defendant must show a " 'reasonable probability' " that the outcome of the appeal would have been different if counsel had raised the other claims]; *Mapes v. Coyle* (6th Cir. 1999) 171 F.3d 408, 427–428 [listing factors]; *Smith v. Robbins*, *supra*, 528 U.S. at p. 288 [ineffective assistance "when ignored issues are clearly stronger than those presented"]; *In re Smith* (1970) 3 Cal.3d 192, 201, 202 [habeas petition claiming ineffective assistance where appellate counsel failed "to raise crucial assignments of error" treated as application to recall remittitur].) We do not, however, take a position on whether any such application, if filed by defendant, would be granted.

## DISPOSITION

The order denying defendant's petition for recall and resentencing under Proposition 47 is affirmed. Nothing in this opinion should be read to foreclose defendant from filing an application in this court to recall the remittitur in his initial appeal based on ineffective assistance of appellate counsel.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

5